United States Courts
Southern District of Texas
FILED

JUN 27 2011

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

John T. Morris

Plaintiff

Civ. No. 4:11-cv-02244

v.

STATE OF TEXAS; RICK PERRY, in his official capacity as Governor of the State of Texas; DAVID DEWHURST, in his official capacity as Lieutenant Governor of the State of Texas, JOE STRAUS, in his official capacity as Speaker of the Texas House of Representatives and HOPE ANDRADE, in her official capacity as Secretary of State of the State of Texas

Defendants

**PLAINTIFF'S AMENDED COMPLAINT
AND REQUEST FOR DECLARATORY AND INJUNCTIVE
RELIEF AND, DESIGNATION OF THREE-JUDGE COURT**

COME NOW John T. Morris, Plaintiff, brings this action in respect to the 2011 redistricting of the State of Texas and the plaintiff's first and fourteenth amendment rights guaranteed by the United States Constitution.

### I. JURISDICTION & VENUE

1. Plaintiff's complaint raises questions arising under the United States Constitution and state and federal law.

2. This court has original jurisdiction pursuant to 28 U.S.C. Sections 1331, 1343 (a)(3) and (4); and 42 U.S.C. Section 1983 and 1988.

3. This courts jurisdiction is invoked pursuant to 28 U.S.C. Section 1391 (b) and (e).

4. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C.

1

Sections 2201 and 2202.

5. Plaintiff requests a three-judge panel pursuant to 28 U.S.C. Section 2284.

## II. PARTIES

6. Plaintiff John T Morris is a naturalized citizen of the United States and registered voter and resides in Harris County of the State of Texas within the jurisdiction of the U.S. District Court – Southern District of Texas, and has standing to bring this action under 42 U.S.C. Section 1983.

7. Defendants are the State of Texas and the officials thereof who have duties and responsibilities under the laws of the state to redistrict congressional districts following the decennial census.

8. Defendant Rick Perry is the Governor of the State of Texas and under Article IV, Section 1, of the Constitution of the State of Texas, is the chief executive officer of the Defendant State of Texas. He is sued in his official capacity.

9. Defendant, David Dewhurst is the Lieutenant Governor of Texas. Under Article IV, Section 16, of the Texas Constitution he is the President of the Texas Senate. He is sued in his official capacity.

10. Defendant, Joe Straus is the Speaker of the Texas House of Representatives and is the presiding officer over the Texas House of Representatives. He is sued in his official capacity.

11. Defendant Hope Andrade is the Secretary of State for the State of Texas and is responsible under the laws of the state to oversee the conduct of elections. She is sued in her official capacity.

## III. FACTS

12. After the decennial Census, which is used to provide for the reapportionment of the U.S. House of Representatives the State of Texas, as well as the other 50 states, must

2

redraw district boundaries in accordance with changes in population densities and/or increases or decreases in the number of apportioned representatives.

13. The State of Texas, being apportioned four new representatives must "redistrict". On the 1st of June, 2011, the Houston Chronicle reported "After five months and almost no public debate, the House and Senate redistricting committee chairs have finally released a joint map for congressional redistricting". The Texas legislature is now in the process of voting on the redistricting plans presented to both the Texas House of representatives and the Texas Senate.

14. The plaintiff, John T. Morris, is a citizen and registered voter in the 2nd Congressional district and resides and is domiciled in Harris County, Texas and his home address is 5703 Caldicote St., Humble, Texas 77346.

15. Due to the unexplained secrecy with which the House and Senate redistricting committees conducted the process of redrawing the new congressional map the plaintiff has only recently come to understand that the 2nd Congressional district had been altered drastically. Whereas the 2nd district included all of Jefferson county and the greater part of Liberty county, the district is now entirely within Harris county and has lost approximately one-half of the area it formerly covered to the East of the city of Houston and is now enlarged to West of the city of Houston.

16. Article I, Section 2 of the United States Constitution calls for representatives to be "composed of Members to be chosen every Second year by the people...". The purpose of having elections every two years for the U.S. House of Representatives, as clearly stated by the framers of the Constitution in the Federalist papers and elsewhere, is to provide the people with "frequent elections" in order to allow these representative's constituents to appraise the performance of the said representatives in order to ascertain whether they wished to vote for them once again.

17. The changes made to the district boundaries by the Republican dominated legislature are based on the a stated partisan desire to add voters who are known to be

sympathetic to Republican candidates and their political views. This gerrymandering of the district boundaries has the effect of swamping out the countervailing political voices of those who voted in the previous election and who have been represented by the Congressman and are familiar with his performance.

18. Gerrymandering is carried out with an indifference to the above republican principle of "frequent elections." Gerrymandering will allow the representative to return to the 2nd district after new district lines have been drawn and effectively be appraised, to a large extent, by a new majority of sympathetic partisan voters who will be largely unfamiliar with the representative and his performance during the previous term.

19. Gerrymandering further undermines the fact of a representative being elected only every two years when the representative's party has drawn the lines of the representative's district. The Republican party, in this case, states openly that they are selecting new boundaries in order to incorporate voters into the newly formed districts to give Republican representatives a near certain probability of being reelected. The principle of "frequent elections" in this case is negated since the whole purpose of the Texas Republican party's effort is to in effect guarantee four year terms for its fellow congressional party members immediately after the redistricting and obviously also to increase these guaranteed elections for as many years as possible.

20. The plaintiff asks the Court to intervene in the redistricting process and prevent the the Texas legislature and governor from changing the plaintiff's district boundaries as little as possible and only to the extent necessary to accommodate the four new districts apportioned to the state of Texas in accordance with the 2010 census. And in so doing prevent the Republican controlled government of Texas from undermining the purposes of Article I, Section 2, Clause 1 of the U.S. Constitution requiring frequent elections and in effect abridging the plaintiff's right to an effective political voice in respect to his representative's candidacy for a new term in the U.S. House of Representatives.

## IV CAUSES OF ACTION

### First Cause of Action:

21. Plaintiff realleges and incorporates paragraphs 1-20.

22. Plaintiff claims a violation of his First Amendment right to political speech as guaranteed by the 14th Amendment.

### Second Cause of Action:

23. Plaintiff realleges and incorporates paragraphs 1-20.

24. Plaintiff claims a violation of his First Amendment right to a fair and effective vote as guaranteed by the 14th Amendment.

### Third Cause of Action:

23. Plaintiff realleges and incorporates paragraphs 1-20.

24. Plaintiff claims that facts set forth above demonstrate a violation of the intent of Section 2, of Article I of the United States Constitution.

## V PRAYER FOR RELIEF

In light of the foregoing facts and claims, the plaintiff respectfully requests the following relief:

A. That the court request the convening of a three-judge court pursuant to 28 U.S.C. Section 2284.

B. Declare the current plan for the Texas Congressional districts to be unconstitutional and enjoin their use in any further elections.

C. Grant plaintiff reasonable fees and costs pursuant to 28 U.S.C. Section 2412..

D. Grant such other relief as may be necessary and proper.

John T. Morris

*[signature: John T. Morris]*

Plaintiff Pro Se
5703 Caldicote St.
Humble, Texas 77346
Telephone No. 281-852-6388

June 22, 2011

David Mattax
Office of the Attorney General
Price Daniels Bldg., 8th Flr., 209 W. 14th St.
Austin, Texas 78701

Subject: Amended Complaint
John T. Morris v. State of Texas
Civil Action No. 4:11-cv-02244

Dear Mr. Mattax:

Enclosed please find four copies of plaintiff's **Amended Pleading**.

Two minor changes were made on the first page of the pleading: the Civil Action No. was corrected from 2244 to 02244 and the initial heading and introduction were modified with the addition and subtraction of a few words to avoid any confusion in respect to claims.

John T. Morris

*/s/ John T. Morris*

Plaintiff Pro Se
5703 Caldicote St.
Humble, Tx 77346
281-852-6388

## CERTIFICATE OF SERVICE

I certify that four true and correct copies of the **Plaintiff's Amended Complaint** and the above **cover letter** was served on **David Mattax**, and mailed to the **Office of the Attorney General** and whose address is Price Daniels Bldg, 8th Flr., 209 W. 14th St., Austin, Texas 78701 by certified U.S. mail, return receipt requested postage prepaid on February 1, 2006.

**John T. Morris**

*/s/ John T. Morris*

**Plaintiff Pro Se**